# Third District Court of Appeal

## State of Florida

Opinion filed July 26, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1996
Lower Tribunal No. 19-64-K
_____

## C.H., The Father,
Appellant,

vs.

## Department of Children and Families, et al.,
Appellees.

An Appeal from the Circuit Court for Monroe County, Bonnie J. Helms, Judge.

Law Office of Richard F. Joyce, P.A., and Richard F. Joyce, for appellant.

Sara Elizabeth Goldfarb and Amanda Victoria Glass (Tallahassee), for appellee Guardian ad Litem; Karla Perkins, for appellee Department of Children and Families.

Before MILLER, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed. See J.B. v. Dep't of Child. & Fams., 158 So. 3d 653, 657 (Fla. 1st DCA 2014) (explaining that "a claim of ineffective assistance of counsel cannot be raised for the first time on appeal unless counsel's ineffectiveness is apparent on the face of the record"), aff'd, 170 So. 3d 780, 792 (Fla. 2015) (establishing that no ineffective assistance claim lies unless the "representation so prejudiced the outcome of the TPR proceeding that but for counsel's deficient representation the [Father's] rights would not have been terminated"); Hunter v. State, 817 So. 2d 786, 791 (Fla. 2002) ("[T]o establish an ineffectiveness claim premised on an alleged conflict of interest the defendant must 'establish that an actual conflict of interest adversely affected his lawyer's performance.'") (citation omitted); see also S.M.O. v. Dep't of Child. & Fams., 357 So. 3d 773, 777–78 (Fla. 3d DCA 2023) (explaining that "[w]e review the trial court's findings under the highly deferential competent substantial evidence standard of review" and noting that section 39.806(1)(f), Florida Statutes, "permits termination of parental rights to siblings, even if there is no nexus between the egregious conduct and the potential harm to the siblings").